IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 21 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

CECIL R. LAWRENCE, )
 )
Petitioner, )
 )
v. ) Case No. CIV 09-349-RAW-KEW
 )
MIKE MULLIN, Warden, )
 )
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his convictions in Carter County District Court Case Nos. CF-2004-410 and CF-2004-563, both for Possession of a Controlled Dangerous Substance with Intent to Distribute. He raises three grounds for relief:

Ground I: Petitioner was denied an appeal through no fault of his own.

Ground II: The newly-discovered evidence requires the Judgment and Sentence to be vacated and set aside and makes the plea of guilty not knowingly and voluntarily entered.

Ground III: The convictions cannot be sustained because of the newly-discovered evidence of the district attorney's drug task force investigator who investigated these cases was indicted and found guilty of stealing evidence.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

07/28/2005   The Judgments and Sentences in Carter County District Court Case Nos. CF-2004-410 and CF-2004-563 were entered, following petitioner's guilty pleas in both cases.

08/07/2005   Petitioner's convictions became final ten days after entry of the Judgments and Sentences. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.

05/10/2006   Petitioner filed his first application for post-conviction relief in case No. CF-2004-410.

12/05/2006   The Oklahoma Court of Criminal Appeals (OCCA) affirmed the trial court's denial of petitioner's post-conviction application. *Lawrence v. State*, No. PC-2006-774 (Okla. Crim. App. Dec. 5, 2006).

03/30/2009   Petitioner filed a second application for post-conviction relief in the Carter County District Court.

06/22/2009   The OCCA affirmed the trial court's denial of post-conviction relief. *Lawrence v. State*, No. PC-2009-426 Okla. Crim. App. June 22, 2009).

09/17/2009   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized

2

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner did not seek to timely withdraw his guilty pleas or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his convictions became final on August 7, 2005. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Applying 28 U.S.C. § 2244(d) to petitioner's case, his statutory limitations period expired on August 7, 2006, one year after his Judgments and Sentences became final. The time his first post-conviction application was pending extended his deadline by 209 days until March 4, 2007. Petitioner's second post-conviction proceedings commenced after the limitations period had expired, so there is no additional statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This petition, filed on September 17, 2009, was untimely.

Petitioner argues he discovered the factual predicate of his claims pursuant to 28 U.S.C. § 2244(d)(1)(D) on or about October 17, 2007, when the district attorney's drug task force investigator was convicted of stealing evidence in drug cases he had investigated. As noted by the OCCA in petitioner's second post-conviction appeal, however, "[p]etitioner has not established why such newly discovered evidence affects his guilt of the charges in Case Nos. CF-2004-410 and CF-2004-563, or why his guilty pleas were not knowingly,

3

intelligently, and voluntarily entered." *Lawrence v. State*, No. PC-2009-426, slip op. at 2 (Okla. Crim. App. June 22, 2009). Furthermore, even if petitioner were able to demonstrate that the investigator was involved in his cases, the investigator's 2007 indictment and conviction for Willful Neglect of Duty could not constitute the factual predicate of petitioner's habeas corpus claims. Petitioner entered his guilty pleas on July 28, 2005, more than two years before the investigator's legal difficulties began. The court, therefore, finds petitioner has failed to demonstrate his allegations concerning the investigator could serve as the factual predicate to his habeas corpus claims.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**